IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

PRISCILLA RHODES, individually and on behalf of others similarly situated,

    Plaintiff,

v.

SHIPMAN FAMILY HOME CARE, INC.,

    Defendant.

Case No.: 1:17-cv-950

# AMENDED COMPLAINT & DEMAND FOR JURY TRIAL[1]

Plaintiff, PRISCILLA RHODES, individually and on behalf of others similarly situated (hereinafter "Plaintiff"), by and through the undersigned attorney, sues the Defendant, SHIPMAN FAMILY HOME CARE, INC., ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

---

[1] This Amended Complaint is filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) in response to Defendant's Motion to Dismiss (D.E. 9).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. During Plaintiff's employment with Defendant, she served as a home health aide and performed related activities for Defendant out of the Kinston office located at 704 Plaza Boulevard, Suite N, Kinston, North Carolina 28501.

4. Defendant, SHIPMAN FAMILY HOME CARE, INC., is a North Carolina Corporation which principally operates and conducts business in the City of Greensboro, Guilford County, North Carolina, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Greensboro, Guilford County, North Carolina.

# FACTS

7. Defendant employed Plaintiff at its business located at 704 Plaza Boulevard, Suite N, Kinston, North Carolina 28501, within the relevant time period (2014 – 2017).[2]

8. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

9. Specifically, Defendant paid overtime hours worked in excess of forty (40) hours within a work week calculated from a decreased regular rate of pay for all hours as an attempt to do an end run-around of the FLSA's requirements.

10. Plaintiff worked as a "home health aide" for Defendant and performed related activities in and around Beaufort County, North Carolina.

11. Plaintiff worked for the Defendant from approximately November 20, 2016 through May 30, 2017.

12. Plaintiff was initially paid $8.00 per hour.

13. Plaintiff received a raise to $9.00 per hour in January 2017.

---

[2] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

14. Plaintiff was not paid proper overtime wages for all hours worked on a weekly basis throughout her period of employment.

15. Plaintiff regularly worked more than forty (40) hours per week.

16. Defendant was aware of the overtime hours worked.

17. In weeks when Plaintiff worked more than forty (40) hours per week, Defendant would routinely lower Plaintiff's regular rate of pay, and calculate Plaintiff's overtime rate of pay from the new, lowered rate.

18. When Plaintiff's total pay for the week was divided by her total hours worked for the week, it would typically average $8 or $9 per hour.

19. As a result of this practice, Plaintiff was actually only paid straight time for her overtime hours worked.

20. Defendant did this to avoid paying Plaintiff the proper overtime premium owed on her actual hourly rate in violation of the FLSA.

21. Plaintiff inquired to Defendant's principal office in Greensboro, North Carolina, about not receiving the proper overtime premium for hours worked over forty (40) for several workweeks throughout her employment.

22. In response to her complaints, Plaintiff was told simply that Defendant does not pay overtime.

4

Case 1:17-cv-00950-CCE-JLW   Document 10   Filed 12/12/17   Page 4 of 12

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COVERAGE

24. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

25. At all material times relevant to this action, based on information and belief, Defendant made gross earnings of at least $500,000 annually.

26. Defendant's website shows approximately forty-five (45) employees in its "About Us" section. *See* www.shipmanfhc.com/about.html.

27. During her employment with Defendant, Plaintiff attended a holiday dinner at Golden Corral which almost 100 employees of Defendant attended.

28. Even if Defendant employed only forty-five employees as shown in their website and even if Defendant paid these employees only the minimum wage rate, Defendant would be paying wages of approximately of $678,600 (45 employees x 40 hours per week x 52 weeks x $7.25/hr = $678,600).

29. Also, Defendant's website shows that Defendant operates approximately twenty-one (21) locations. *See* www.shipmanfhc.com/contact.html.

30. Based on information and belief, Defendant must pay rent, utilities and other costs to operate these locations.

5

31. Defendant touts that it has over 20 years of service. *See* www.shipmanfhc.com/about.html.

32. As such, Defendant needs to generate gross earnings well in excess of $500,000 to pay its employees and pay its operation costs to stay in business.

33. At all material times relevant to this action, Defendant had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., office supplies, home health equipment, etc.).

34. At Defendant's twenty-one locations, Defendant had computers, telephones, furniture, file cabinets, and other office supplies.

35. Plaintiff even visited the Kinston office and personally observed such items.

36. Also, during her employment with Plaintiff, Defendant would send her blue latex gloves to use for her job duties.

37. Based on information and belief, at all material times relevant to this action, Defendant routinely ordered such materials, merchandise, products, and supplies from out-of-state vendors and/or entities.

38. Defendant even provided a tote bag to Plaintiff with Defendant's name on the outside and which had a tag on the inside stating it was made in China.

39. Defendant also had calendars printed with Defendant's information on it which were printed by Vistaprint.

40. Vistaprint manufactures its products for sale in North America in Windsor, Canada. *See* www.vistaprint.com/about/offices.aspx.

41. As such, at all times material to this action, Defendant had two or more employees who routinely handled such materials, goods or product which had travelled in interstate or international commerce.

42. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

43. Based on information and belief, Defendant had accounting staff who would communicate with out of state vendors, supplies, banks and other entities in the performance of their job duties.

44. As such, Defendant is a covered enterprise under the FLSA.

45. Lastly, based on information and belief, during a recent Department of Labor investigation, the Department of Labor found that Defendant is a covered enterprise under the FLSA.

## **COLLECTIVE/CLASS ALLEGATIONS**

46. Plaintiff and the class members performed the same or similar job duties as one another for Defendant in that they provided home health services.

47. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their actual rate of pay for all hours worked in excess of forty (40) hours in a workweek.

48. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

49. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that home health aides were paid complete and full overtime compensation for all overtime hours worked based.

50. This policy or practice was applicable to Plaintiff and the class members.

51. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

52. Accordingly, the class members are properly defined as:

> **All hourly paid home health aides whom worked for Defendant, SHIPMAN FAMILY HOME CARE, INC., within the state of North Carolina within the last three (3) years and whom were not compensated at time and one-half their actual regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

8

53. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

54. The exact number of members of each class can be determined by reviewing Defendant' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

55. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

56. Defendant was aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

57. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

58. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

59. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when

compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST SHIPMAN FAMILY HOME CARE, INC.

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 59 above.

61. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

62. During Plaintiff's employment with Defendant, SHIPMAN FAMILY HOME CARE, INC., Plaintiff worked overtime hours but was not paid time and one-half her actual rate of pay for the same during several workweeks.

63. As a result of Defendant, SHIPMAN FAMILY HOME CARE, INC.'s, intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

64. Defendant, SHIPMAN FAMILY HOME CARE, INC., failed to post required FLSA informational listings as required by law.

65. As a result of Defendant, SHIPMAN FAMILY HOME CARE, INC.'s, willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, PRISCILLA RHODES, individually and on behalf of others similarly situated, demands judgment against SHIPMAN FAMILY HOME CARE, INC., for the payment of all unpaid wages, overtime hours at time and one-half the actual rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Rachel S. Decker, Esquire, and Kenneth R. Keller, Esquire, Carruthers & Roth, P.A, 235 N. Edgeworth St., P.O. Box 540, Greensboro, North Carolina 27402-0540; rsd@crlaw.com and krk@crlaw.com.

Respectfully submitted,

*/s/ Adam A. Smith*

Adam A. Smith, Esq.
N.C. Bar No: 31798
**RIDDLE & BRANTLEY, LLP**
P.O. Box 11050
Goldsboro, NC 27532-1050
Direct: (919) 432-1516
Facsimile: (919) 432-1751
E-mail: aas@justicecounts.com
*Local Civil Rule 83.1 Counsel for Plaintiff*

*/s/ C. Ryan Morgan*
C. Ryan Morgan, Esq.
Fla. Bar No.: 15527
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 14th Floor
Direct: (407) 418-2069
Main: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: Rmorgan@forthepeople.com
*Attorneys for Plaintiff*

12